UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA,<br>　　　　　Plaintiff,<br>　　v.<br>HEZZACK DANIELS,<br>　　　　　Defendant. | Case No. 13-cr-00523-WHO-1<br><br>**ORDER DENYING MOTION TO SUPPRESS**<br>Re: Dkt. No. 25 |

## BACKGROUND

Defendant Hezzack Daniels filed a motion to suppress evidence because the warrant that allowed the police to search his residence and seize an AK-47, semi-automatic rifle, semi-automatic pistol, ammunition and drug paraphernalia was issued in violation of his rights under the Fourth Amendment to the United States Constitution. The warrant was partially sealed and the unsealed pages did not reflect current information on which a warrant could properly be based, according to Daniels. My Order Requiring Disclosure of Redacted Statement of Probable Cause unsealed portions of the affidavit submitted by San Francisco Police Department Inspector Daniel Silver (the "Statement") that showed that a confidential informant ("CI") told Inspector Silver and another officer shortly before execution of the search warrant that Daniels possessed guns in his house and sold drugs for recreational use. Dkt. No. 32. I allowed other portions of the Statement to remain sealed because they provide identifying information about the CI. The sealed portions also contain specific facts in support of the warrant, including facts that corroborate the information provided by the CI.

Daniels has the difficult task of arguing that the warrant is not supported by probable cause without being able to see the entire Statement. I determined that portions of the Statement should

remain sealed after balancing the rights of the defendant to challenge the validity of a search warrant under *Franks v Delaware*, 438 U.S. 154 (1978) against the need to ensure the safety of the CI under *Rovario v United States*, 353 U.S. 53 (1957). Daniels objects to any sealing of the Statement because he is not a violent man. In his appearances before the Court, I have seen nothing to indicate that he is a violent person, other than his own admission of some violent conduct in his youth. But I have to balance that against the sworn affidavit of an experienced police inspector expressing his concern for the safety of the CI if that person's identity were known to Daniels, plus the seizure of weapons, ammunition and drug paraphernalia at Daniels's house. Protection of the CI's identity is appropriate under the circumstances.

Daniels would like an evidentiary hearing to test the sufficiency of the warrant so that he can learn more about the CI and the Statement. That request is DENIED. In addition to the concerns discussed in the prior paragraph, it is critical to me that the CI is not a percipient witness and will not testify at trial. Further, Daniels raises no specific pleadings or facts which would support an attack under *Franks*. While Daniels says that he believes that he knows who the CI is and that the CI has motive to lie, he does not elaborate. Dkt. 33 (Def. Supplemental Briefing, p.3.) The CI's information was proven reliable both prior and subsequent to the execution of the warrant.

Daniels argues that there is no nexus between the alleged criminal activity and his home, but the sealed portion of the Statement amply supplies it. Daniels asserts that the information in the warrant was stale, but the sealed portion of the Statement disproves him. He contends that the CI is unreliable and untested, but again the sealed portion of the Statement establishes the contrary. He calls the warrant "bare bones" at the hearing cited *United States v. Underwood*, 725 F. 3d 1076 (9th Cir. 2013), *United States v. Cervantes*, 703 F. 3d 1135 (9th Cir. 2012), and *Spinelli v. United States*, 393 U.S. 410 (1969) in support of his argument. But the facts in those cases are not close to the timely, fact-specific and proven information provided by the CI that was included in the Statement. It is unfortunate that those facts also provide identifying information about the CI and cannot be provided to Daniels. But that does not negate their existence, and they do provide ample probable cause for issuance of the warrant.

1    Daniels is concerned about the manner in which the warrant was executed. Those
2 concerns are not relevant to the analysis of whether probable cause exists in the first place. He
3 argues that because Inspector Silver referred to "Sealed Portion of the Statement of Probable
4 Cause" within his Statement of Probable Cause, but referred to "Sealed Exhibit A" in the Search
5 Warrant, the description of the guns listed in the Statement should not be considered as being
6 properly within the warrant. However, it is clear from the documents that Silver was referring to
7 the same (indeed the only) sealed document, the Statement, when he referred to "Sealed Exhibit
8 A." And even if there was a basis for Daniels's argument on the wording of the warrant, there is
9 no question that the warrant allowed a search of the entire house for marijuana, and as the
10 government argued at the hearing, such a search would have disclosed the guns and ammunition
11 seized.

12    In light of the evidence, the briefs and the arguments of counsel, I DENY defendant
13 Daniels's motion to suppress. Mr. Tolkoff is directed to file a declaration attaching the partially
14 redacted Statement that he supplied to the defendant pursuant to the Order Requiring Disclosure of
15 Redacted Statement of Probable Cause so that the Court's record is complete.

16    **IT IS SO ORDERED**.

17 Dated: March 21, 2014



WILLIAM H. ORRICK
United States District Judge

3