UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES,<br>           Plaintiff,<br>    v.<br>HEZZACK DANIELS,<br>           Defendant. | Case No. 13-cr-00523-WHO-1<br><br>**ORDER ON DEFENDANT'S MOTION TO COMPEL**<br>Re: Dkt. No. 59 |

Defendant Hezzack Daniels filed a motion to compel the government to produce (i) FBI reports regarding the June 3, 2013 search of Daniels's home and his arrest; 2) the federal channel communications from that search and arrest; 3) the FBI Operations Order from that same search and arrest, and 4) any undisclosed reports from the San Francisco Police Department. Dkt. No. 59. The government agreed to turn over all the items except for the Operations Order.

Daniels contends that he needs the Operations Order to determine the identities of the officers who were involved in the raid on his home and who transported him to the hospital afterwards. The government responds that Daniels is not entitled to the Operations Order because it does not reflect which officers were actually involved and because disclosing it raises operational and safety concerns.

Daniels is entitled to know the identities of the officers so that he can investigate the circumstances of the search and his confession. He argues that given the alleged lack of physical evidence connecting him to the weapons at issue, which were found in a house occupied by three people, his confession is likely central to the government's case. Moreover, Daniels, who is diabetic, was apparently taken to the hospital after his arrest, where his blood sugar was twice the normal level. His mental or physical state at the time may be relevant to the validity of the confession, *see, e.g., Fikes v. Alabama,* 352 U.S. 191, 193 (1957), and the officers involved likely

1  have information relevant to his condition at the time of the confession.  This information is
2  critical to allow Daniels to evaluate his defenses and have a fair trial.

3  I accept the government's representation concerning the Operations Order.  But to allow
4  Daniels to effectively prepare this case for trial, within 14 days of this order the government shall
5  identify for the defense team the names and contact information of the officers who searched (as
6  opposed to the officers who simply secured entry to) the house and who arrested and transported
7  him to the hospital afterwards, subject to a heightened protective order limiting the disclosure to
8  attorneys' and investigators' eyes only.  *See United States v. Cadet*, 727 F. 2d 1453, 1469 (9th Cir.
9  1984).

10  It is past time to set this matter for trial.  The parties shall appear at 1:30 p.m. on April 30,
11  2015 to do so.

12  **IT IS SO ORDERED**.

13  Dated: April 16, 2015



WILLIAM H. ORRICK
United States District Judge